UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY DARNELL DUNOMES,

               Plaintiff,

    v.

DIANE WINTER, et al.,

               Defendants.

Case No. C18-5672-RBL-TLF

REPORT AND RECOMMENDATION

NOTING DATE: **APRIL 5, 2019**

Plaintiff is proceeding *pro se* and *in forma pauperis* in this 42 U.S.C. § 1983 civil rights action. Dkts. 4, 5, 6. On February 13, 2019, plaintiff filed a motion for default judgment citing Federal Rule of Civil Procedure 55. Dkt. 19. On February 19, 2019, plaintiff filed a second motion for default judgment again citing Fed. R. Civ. P. 55. Dkt. 23. As defendants are not in default, the Court recommends plaintiff's motions (Dkts. 19, 23) be DENIED.

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Local Civil Rule 55(a), upon motion by a party supported by an affidavit, "the clerk shall enter the default of any party against whom a judgment for affirmative relief is sought but who has failed to plead or otherwise defend." "After the clerk enters default, a party must seek entry of default judgment under Rule 55(b). Put another way, 'an entry of default is a prerequisite to a default judgment under Rule 55(b).'"

REPORT AND RECOMMENDATION - 1

*Hausken v. Lewis*, 2014 WL 2440360, *2 (W.D. Wash. May 30, 2014) (*quoting Lee v. Bhd. of Maint. of Way Employees*, 139 F.R.D. 376, 380 (D. Minn. 1991)).

On September 4, 2018, the Court ordered service of plaintiff's complaint, which names Michael Holthe, Diane Winter, and Michael Obenland as defendants. *See* Dkts. 6, 7. The Court gave defendants 30 days to return the waivers of service; if defendants returned the waivers, they would have 60 days from the date the waivers were sent to file an answer or a motion permitted under Rule 12 of the Federal Rules of Civil Procedure. Dkt. 7. Defendants timely filed waivers of the service of summons on October 4, 2018. Dkts. 9, 10, 11. As defendants returned the waivers of service, they had 60 days from October 4, 2018 (the date the waivers were sent) to file an answer or motion permitted under Rule 12 of the Federal Rules of Civil Procedure. Dkt. 7. On October 22, 2018, defendants filed their motion to dismiss pursuant to Fed. R. Civ. P. 12(b).[1] Dkt. 12. Accordingly, as defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b) was timely filed, defendants are not in default and plaintiff's motions (Dkts. 19, 23) should be denied.

## CONCLUSION

As defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b) was timely filed and defendants are not in default, the Court recommends that plaintiff's motions to enter default judgment (Dkts. 19, 23) be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit imposed by Fed. R.

---

[1] The Court has recommended that defendants' motion to dismiss (Dkt. 12) be granted in a separate report and recommendation (Dkt. 22).

NOTING DATE: APRIL 5, 2019 - 2

Civ. P. 72(b), the clerk is directed to set the matter for consideration on **April 5, 2019** as noted in the caption.

Dated this 15th day of March, 2019.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge