UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

Larry Darnell Dunomes,

        Plaintiff,

v.

Diane Winter,

        Defendants.

Case No. 3:18-cv-5672-RAJ-TLF

ORDER

This matter comes before the Court on Plaintiff Larry Dunomes's motion for reconsideration of the Court's order (Dkt. 34) denying Plaintiff's motion for remission of filing fees. Dkt. 35. Defendants have filed a response. Dkt. 36.[1]

On September 25, 2020, the Court denied Plaintiff's request that his obligation to repay his filing fees be cancelled for financial hardship, because the statute governing *in forma pauperis* cases filed by prisoners like Plaintiff makes it mandatory that the prisoner "shall be required to pay the full amount of a filing fee." *Id.*, quoting 28 U.S.C. 1915(b)(1). The statute contains no provision permitting removal of this mandatory obligation for economic hardship. *Id.*

On October 28, 2020, Plaintiff filed a motion for reconsideration, arguing that two Supreme Court cases, *Fuller v. Oregon*, 417 U.S. 40 (1974) and *Bearden v. Georgia*,

---

[1] LCR 7(h)(3) provides that "[n]o response to a motion for reconsideration shall be filed unless requested by the court." The Court did not request a response, and has not considered the response submitted by Defendants.

ORDER - 1

461 U.S. 660 (1983), support his argument that he should be relieved of his payment obligation due to financial hardship. Dkt. 35.

"Motions for reconsideration are disfavored" and will ordinarily be denied "in the absence of a showing of manifest error". LCR 7(h)(1). A motion for reconsideration must be filed within 14 days of the order whose reconsideration is sought. Plaintiff's motion, filed 33 days after the order denying his original motion, is untimely.

Plaintiff's motion is also without merit and fails to make the required showing of "manifest error." Neither of the two cases cited by Plaintiff is relevant to the mandatory statutory requirement that Plaintiff must pay his civil filing fee. Instead, both address an entirely separate—and irrelevant—question: whether probation can be conditioned upon a criminal defendant's payment of certain costs or fines. *See Fuller* 94 S.Ct. at 41 (Oregon statute conditioning probation upon repayment of defense costs by indigent defendants who later acquire sufficient means was not unconstitutional); *Bearden*, 461 U.S. at 2073 (parole revocation resulting in imprisonment solely due to plaintiff's inability to pay a fine was unconstitutional). Neither case relieves Plaintiff of his clear statutory obligation to repay his filing fees through monthly payments. 28 U.S.C. 1915(b)(1), (2).

Plaintiff's motion for reconsideration is **DENIED**.

Dated this 9th day of December, 2020.

Theresa L. Fricke
United States Magistrate Judge

ORDER - 2